

# THE ATTORNEY GENERAL
## OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

April 25, 1990

Honorable Frank W. Conard, II        Opinion No.  JM-1166
District Attorney
P. O. Box 1038                       Re:  Use of controlled sub-
Sweetwater, Texas    79556           stances  as  "bait"  in  a
                                     sting operation    (RQ-1928)

Dear Mr. Conard:

Your questions are prompted by  a scenario where a  law enforcement officer delivers a  sample of a previously  forfeited controlled substance to a suspect in order to  induce the suspect to make  a large purchase  of a controlled  substance.  You state that officers  "may need to let a  sample go to the traffickers in order that approval can be obtained by them  from  some  higher authority  to  make  the  larger purchase."

You ask whether  this type of  reverse sting is  legal. Section 5.08  of  article  4476-15,  V.T.C.S.,  now  section 481.159 of the  Health and  Safety Code,  lists the  various orders a district  court may  enter in directing  a law enforcement agency to use or dispose of a forfeited controlled substance.  Subsection (a) of section 481.159, as amended by the 71st Legislature, H. B.  989, Acts 1989, 71st Leg.,  ch. 678, § 1,  at  2948, provides  the  court may  order  a  law enforcement agency to:

> (1)  retain  property  for  its  official purposes, <u>including  use  in  the  investiga- tion of offenses  under this  chapter</u> . . . . (Emphasis reflects addition by amendment.)

Subsection (c), added by amendment, provides for strict  regulations over controlled substances used for  investigation of offenses under this chapter.  A qualified person must  be employed to conduct  analysis of the  substances before  and after its use in an  investigation.  Storage is required  in an area accessible only to  the law enforcement agency  head and the person  responsible for  analyzing, preserving,  and maintaining security  over the  substances.  A  log must  be maintained that reflects the date, return, type, amount, and concentration of  the substance  in the  investigation.    It

must reflect the signature and printed or typed name of the officer to whom the substance is issued as well as that of the individual issuing same.

Section 481.159 not only provides for the return of the forfeited substance used for investigation of offenses, but also requires that the substance be analyzed before and after its return. We believe that the legislature has evidenced its intent that any forfeited substance released for investigation must be returned in an unaltered condition. Further indication that any substance must not be placed back in circulation is evidenced by the requirement that a person is designated to be responsible for "preserving and maintaining security over the substances." Under the scenario you have related, the controlled substance is released to the suspect without any assurance that it will be recovered. We do not believe that the release of a forfeited controlled substance to be placed back into circulation is permissible under section 418.159.

### S U M M A R Y

The release of a forfeited controlled substance to a law enforcement officer for the purpose of delivering a sample to a suspect to induce the suspect to make a larger purchase is not permissible under section 481.159 of the Health and Safety Code.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tom G. Davis
Assistant Attorney General